UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARC ANTHONY MANNS | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:08-cv-752 (JCH) |
| | : | |
| J. MARTINEZ, WARDEN, ET AL. | : | DECEMBER 1, 2008 |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, an inmate confined at United States Penitentiary in Allenwood ("USP Allenwood"), Pennsylvania, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks an order setting aside a detainer lodged against him by the State of Connecticut and the criminal charges upon which the detainer was based.  He argues that the detainer violates his rights under the Interstate Agreement on Detainers and has caused a negative impact on his classification status in federal prison.  For the reasons that follow, the amended petition is dismissed without prejudice.

I.  BACKGROUND

On January 10, 2003, in the United States District Court for the District of Rhode Island, the petitioner pleaded guilty to one count of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and one count of aiding and abetting in Violation of 18 U.S.C. § 2(1).  In February 2004, the court sentenced the petitioner to 100 months of imprisonment followed by three years supervised release and ordered him to pay restitution in the amount of $3,750.00 to Citizens Bank.

On August 12, 2002, the Danbury State's Attorney signed an Information charging petitioner with one count of robbery in the first degree and one count of conspiracy to commit robbery in the first degree.  In June 2004, pursuant to that information, a lieutenant

with the Danbury Police Department, on behalf of the Danbury State's Attorney's Office, lodged a detainer against the petitioner with the Warden at USP Allenwood, where petitioner was serving his federal sentence.

On July 19, 2004, USP Allenwood officials mailed completed forms requesting disposition of the pending robbery and conspiracy to commit robbery charges pursuant to the Interstate Agreement on Detainers to the Danbury State's Attorney. In June 2006, after 180 days had passed, petitioner sought dismissal of the Connecticut charges. Petitioner asserts that the State of Connecticut has not acted on his motion to dismiss.

II.    DISCUSSION

Although petitioner filed this action pursuant to 28 U.S.C. § 2241, he challenges criminal charges filed against him by State of Connecticut officials. Thus, the court construes the petition as having been filed pursuant to 28 U.S.C. § 2254. A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." See O'Sullivan, 526 U.S. at 845. The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). In other words, "[t]he claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Second, he must have "utilized all

2

available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).

Petitioner claims that the robbery and conspiracy to commit robbery charges should be dismissed because the Danbury State's Attorney did not comply with the 180 day speedy trial provision of the Interstate Agreement on Detainers. Petitioner filed a motion to dismiss the charges in Danbury Superior Court on this basis, but asserts that the court has never ruled on the motion. Petitioner also states that he exhausted his administrative remedies and refers the court to attached documents indicating that he raised his concerns to Federal Bureau of Prisons officials.

Section 2254's exhaustion requirement, however, requires that petitioner's claims be presented to the highest state court. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005). Petitioner does not assert that he made any other attempts to exhaust his available state court remedies prior to filing this action. See, e.g., Miller v. Connecticut, No. 557570, 2001 WL 951301 (Conn Super. Ct. July 20, 2001) (petitioner sought writ of mandamus pursuant to Conn. Gen. Stat. § 52-485 seeking to vacate judgment of conviction and release from custody due to failure of state to bring him to trial within 180 days). Accordingly, the claim is not exhausted and the petition is dismissed without prejudice. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973) (state prisoner must exhaust all available state remedies before filing habeas

petition attacking state detainer).[1]

III. CONCLUSION

The Amended Petition for Writ of Habeas Corpus [**Doc. No. 14**] is **DISMISSED** without prejudice for failure to exhaust state court remedies. The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

**SO ORDERED** this 1st day of December 2008, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Even if Manns had exhausted his state remedies, the Second Circuit has held that violations of the IAD cannot be challenged on collateral attack (habeas corpus) under either section 2254 or 2255. See Reilly v. Warden, 947 F.2d 43, 44 & n.2 (2d Cir. 1991). Habeas review may, however, be available "to check violations of the IAD's speedy trial prescriptions when the state court disregards timely pleas for their application," Reed v. Farley, 512 U.S. 339, 355 (1994), or where there is otherwise a showing of prejudice or "aggravating" circumstances. Id. at 342, 348-50.